UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, Warden, Kern Valley State Prison,<br><br>    Respondent.[1] | No. 2:16-cv-02850 AC P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 6.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).[2] However, for the reasons discussed below, the $5.00 fee will be waived.

---

[1] A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, Christian Pfeiffer, Warden of Kern Valley State Prison, is substituted as respondent herein.

[2] Although petitioner has been designated a "three strikes" litigant under the Prison Litigation Reform Act (PLRA), precluding him from proceeding in forma pauperis in a civil action or

1    Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct
2 a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to
3 Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and
4 any attached exhibits that the petitioner is not entitled to relief in the district court."

5    Review of the instant petition demonstrates that petitioner is challenging a 2009
6 conviction for the possession and trafficking of marijuana, on the ground that petitioner's Fourth
7 Amendment rights were violated by the warrantless search of his car. See ECF No. 1. Fourth
8 Amendment claims are not cognizable on habeas corpus if petitioner had a "full and fair
9 opportunity" to litigate his claim in the state courts. See Stone v Powell, 428 U.S. 465 (1976);
10 Newman v. Wengler, 790 F.3d 876 (9th Cir. 2015). "'The relevant inquiry is whether petitioner
11 had the opportunity to litigate his claim, not whether he did in fact do so or even whether the
12 claim was correctly decided.'" Newman, 790 F.3d at 880 (quoting Ortiz–Sandoval v. Gomez, 81
13 F.3d 891, 899 (9th Cir. 1996)).

14    In the present case, petitioner pled *nolo contendere* to the charges against him. Prior to
15 entry of his plea, petitioner had a full and fair opportunity under California Penal Code § 1538.5
16 to move to suppress the evidence against him on Fourth Amendment grounds.

17    Moreover, under California law, a plea of no contest is equivalent to a guilty plea. See
18 Cal. Penal Code § 1016; People v. Mendez (1999) 19 Cal. 4th 1084, 1094-95. "When a criminal
19 defendant has solemnly admitted in open court that he is in fact guilty of the offense with which
20 he is charged, he may not thereafter raise independent claims relating to the deprivation of
21 constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411
22 U.S. 258, 267 (1973). "The focus of federal habeas inquiry is the nature of the advice and the
23 voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id.
24 at 266. Therefore, "[p]etitioner's nolo contendere plea precludes him from challenging alleged

---

26 appeal unless he was "under imminent danger of serious physical injury" when he filed his
complaint, 28 U.S.C. § 1915(g), "the forma pauperis provisions of the PLRA relating to prisoner
27 civil actions and appeals do not apply to habeas corpus proceedings." Naddi v. Hill, 106 F.3d
275, 277 (9th Cir. 1997) (per curiam). Hence, petitioner may proceed in forma pauperis in this
28 action.

constitutional violations that occurred prior to the entry of that plea." Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir. 1992).

Finally, the California Supreme Court's November 9, 2016 denial of petitioner's state habeas petition demonstrates that it is procedurally barred.  See ECF No. 1 at 7.

For these several reasons, the undersigned finds that the instant petition fails to state a cognizable claim for habeas relief and will be dismissed on that basis.  See Rule 4, Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's request to proceed in forma pauperis, ECF No. 2, is granted; nevertheless, the $5.00 filing fee is waived.

2.  This case is dismissed without prejudice; the Clerk of Court is directed to close this case.

DATED: March 17, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE